UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNY WRIGHT, on behalf of
themselves and all others
similarly situated, NATALIE
SOUD, on behalf of themselves
and all others similarly situated,
and JAMES COBB, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

v.                                                Case No. 3:21-cv-12-BJD-MCR

IFF CHEMICAL HOLDINGS,
INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be

lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Plaintiffs claim the Court's jurisdiction over this case arises from the parties' diversity. (Doc. 16 ¶¶ 11-12; Second Amended Complaint).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland, 243 F.3d at 1280. In the case of class actions, however, only minimal diversity is required and the amount in controversy must exceed $5,000,000.00. 28 U.S.C. § 1332(d)(2). "It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017).

To establish the citizenship of a corporation, the party asserting the existence of jurisdiction needs to identify both the state of its incorporation and the location of its principal place of business. Life of the S. Ins. Co. v. Carzell, 851 F.3d 1341, 1344 (11th Cir. 2017). Plaintiffs do just that by alleging Defendant is a Delaware Corporation with its principal place of business in Jacksonville, Florida. Second Amended Complaint ¶ 6.

To establish the citizenship of a natural person, the party invoking the Court's jurisdiction must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal citation and quotations omitted). Following the Court's June 29, 2021 and July 9, 2021 Orders, Plaintiffs alleged that they are citizens of Florida. (Doc. 25).

Having established that Plaintiffs and Defendant are all citizens of Florida, there remains a question of whether minimal diversity exists owing to Defendant also being a Delaware citizen. In an analogous case, the Eleven Circuit held that there is not minimal diversity among the

parties where the plaintiffs in a class action suit shared citizenship with the defendants, even though those defendants were also citizens of a state where the plaintiffs were not citizens. Carzell, 851 F.3d at 1344 ("Because the plaintiffs are Georgia citizens and the corporate defendants are Georgia (and Florida) citizens, there is no plaintiff who is a citizen of a state different from any defendant, and no federal jurisdiction exists.").

The holding in Carzell precludes a finding here that Defendant's Delaware citizenship is sufficient to establish diversity because Defendant and Plaintiffs are all also Florida citizens. Therefore, no diversity exists. Without diversity between Plaintiffs and Defendant, the Court is without jurisdiction and this case must be dismissed. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (internal quotations omitted).

Accordingly, after due consideration, it is

**ORDERED:**

This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of the Court shall terminate any pending motions and close the file.

- 5 -

      **DONE** and **ORDERED** in Jacksonville, Florida this 14th day of July, 2021.

                                                    BRIAN J. DAVIS
                                                    United States District Judge

2
Copies furnished to:

Counsel of Record